CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
TRACY L. MAINGUY, Bar No. 176928
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  clozano@unioncounsel.net
         tmainguy@unioncounsel.net
         kzinnen@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the APARTMENT EMPLOYEES PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>PROFESSIONAL TECHNICAL ("PROTECH")  SECURITY SERVICES, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR WITHDRAWAL LIABILITY** |

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

1

Plaintiffs complain of Defendant, and for cause of action allege:

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

### I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185). Venue properly lies in this district court because contributions are due and payable in the County of San Francisco.

## PARTIES

### II.

Plaintiffs, the Board of Trustees, are trustees of the Apartment Employees Pension Fund ("Pension Fund"). The Pension Fund is an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and multiemployer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). The Pension Fund is maintained for the purpose of providing retirement benefits to plan participants. The Board of Trustees administers the Pension Fund and may bring this action in the name of the Pension Fund pursuant to the express provisions of the Trust Agreement.

### III.

Defendant Professional Technical Security Services, Inc. ("ProTech"), is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in California. ProTech has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

### IV.

Plaintiff is ignorant of the true names and capacities of DOE Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

# ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

## V.

ProTech was signatory and bound to a written collective bargaining agreement ("CBA") with the Service Employees International Union, United Service Workers West ("Union"), a labor organization within the meaning of section 301 of the LMRA (29 U.S.C. § 185). ProTech became subject to all the terms and conditions of the Trust Agreement establishing the Pension Fund by signing the CBA with the Union.

## VI.

Pursuant to Section 4001(b) of ERISA (29 U.S.C. § 1301(b)), all trades or businesses under common control are a single employer for purposes of Title IV of ERISA (29 U.S.C. § 4001 et seq.), which governs the termination of employee benefit plans. At all times relevant, DOE Defendants 1 through 10, inclusive, were trades or businesses under common management, control, ownership, and operation, or a single employer under federal law with ProTech. Accordingly, ProTech and DOES 1 through 10, inclusive, constituted a commonly controlled group of trades or businesses and were a single employer pursuant to Section 4001(b) of ERISA (29 U.S.C. § 1301(b)). As such, ProTech and DOES 1 through 10 are each jointly and severally liable for any obligations to the Pension Fund that ProTech has incurred pursuant to Title IV of ERISA (29 U.S.C. § 4001 et seq.).

## VII.

The CBA and Trust Agreement provide for prompt payments of all employer contributions to the Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Trust Funds. The Trust Agreement also provides for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs.

/ / /

/ / /

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

**FIRST CLAIM FOR RELIEF**
**(WITHDRAWAL LIABILITY)**
**VIII.**

Plaintiff incorporates and realleges by reference all the allegations stated hereinabove.

**IX.**

ERISA Section 4201 (29 U.S.C. § 1381) provides that the Trustees shall have the authority to assess withdrawal liability against contributing employers who withdraw from participation in the Pension Fund for any reason. Withdrawal liability shall be determined as set forth in ERISA and the Pension Fund's governing documents. Withdrawal liability shall be due and payable by the employer upon demand by the Pension Fund.

**X.**

In 2018, ProTech withdrew participation from the Pension Fund and ceased to contribute to the Pension Fund with respect to the work of its employees, thereby completely withdrawing from the Pension Fund.

**XI.**

Pursuant to ERISA Sections 4202 and 4219 (29.U.S.C. §§ 1382, 1399), the Pension Fund calculated the amount of ProTech's withdrawal liability to be $74,566. Under the payment schedule, ProTech was required to make quarterly payments of $5,759 commencing on February 4, 2019, plus a final payment of $849 due on August 31, 2022.

**XII.**

As a single employer, DOE Defendants 1 through 10, and any other trades or businesses under common control, are jointly and severally liable for ProTech's withdrawal liability.

**XIII.**

On January 9, 2019, the Pension Fund notified ProTech that its withdrawal liability to Plaintiff was $74,566, and demanded payment. Notice to ProTech constituted notice to all trades or businesses under common control with ProTech, including DOE Defendants 1 through 10. The notice also informed Defendants of their right to make a lump sum payment of the entire amount or make payments according to the payment schedule. The notice informed Defendants of their right to request a review of the withdrawal liability determination, and that they must make their

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

payments to the Pension Fund even if Defendants requested a review of the withdrawal liability determination. The notice informed Defendants of the components of the withdrawal liability and included documentation.

### XIV.

Defendants have failed to make one or more of the required payments of withdrawal liability to the Pension Trust, including the quarterly payments that were due February 4, 2019, May 4, 2019, August 4, 2019, and November 4, 2019.

### XV.

On March 21, 2019, the Pension Fund notified ProTech that it failed to submit its first quarterly payment, and that ProTech would be in default if the overdue payments were not received within 60 days of the letter. Notice to ProTech constituted notice to all trades or businesses under common control with ProTech, including DOE Defendants 1 through 10.

### XVI.

Defendants failed, refused, and neglected to submit the overdue withdrawal liability payments.

### XVII.

Pursuant to ERISA Sections 515, 4219(c)(5), and 4301(b) of ERISA (29 U.S.C. §1145, 1399(c)(5), 1451(b)) and the Pension Trust Agreement, Defendants' failure to make a withdrawal liability payment is considered a default and shall be treated in the same manner as a delinquent contribution.  ERISA Section 4219(c)(5) (29 U.S.C. §1399(c)(5)) provides that in the event of a default, a plan sponsor may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of outstanding liability from the due date of the first payment which was not timely made.

### XVIII.

Because Defendants failed to remit its outstanding withdrawal liability, Plaintiffs are forced to bring the present action to collect withdrawal liability plus interest, liquidated damages, attorneys' fees and costs and such other legal or equitable relief as the Court deems appropriate.

/ / /

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

## XIX.

Defendant failed to request a review of the withdrawal liability determination pursuant to ERISA §4219(b), and has therefore waived all defenses to this action.

## XX.

By reason of the foregoing, Defendants are indebted to Plaintiffs for $74,566, together with interest thereon, liquidated damages, attorney's fees, and other costs in accordance with the Pension Trust Agreement and Sections 4301(b) and 502(g) of ERISA (29 U.S.C. §§ 1451(b), 1132(g)).

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. That Defendants be ordered to pay withdrawal liability of at least $74,566, plus interest thereon;

2. That Defendants be ordered to pay actual damages according to proof;

3. That Defendants be ordered to pay attorneys' fees;

4. That Defendants be ordered to pay costs of suit herein; and

5. That this Court grant such further relief as this Court deems just and proper.

Dated: January 14, 2020

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: */S/ Kristina M. Zinnen*
CONCEPCIÓN E. LOZANO-BATISTA
TRACY L. MAINGUY
KRISTINA M. ZINNEN
Attorneys for Plaintiffs

147391\1064306

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.